UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                              Criminal No. 11-193 DSD/AJB

               Plaintiff,

v.                                                       **REPORT AND RECOMMENDATION**

Charles Vincent Fletcher,

               Defendant.

      Thomas M. Hollenhorst, Esq., Assistant United States Attorney, for the plaintiff,
         United States of America;

      Ryan M. Pacyga, Esq., and Andrew S. Birrell, Esq., for defendant Charles
         Vincent Fletcher.

This action came on for hearing before the Court, Chief Magistrate Judge Arthur J. Boylan, on July 22, 2011, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415. Testimony was presented and exhibits were received with regard to suppression of statements and search and seizure evidence.

Based upon the file and documents contained therein, along with testimony and exhibits presented at hearing, and the memorandums of counsel, the magistrate judge makes the following:

**Findings**

Minneapolis police received a 911 emergency call at 10:15 a.m. on February 10, 2011, reporting a robbery in progress at the Erte restaurant at 323 13th Ave. Northeast., Minneapolis, MN. The 911 report was made by a restaurant employee who was lying on the floor at the business as he made the call. Minneapolis Police Officer Johnson was the first officer to arrive at the robbery location. He entered the lower level of the building in which the restaurant was located and then proceeded to the upper level (Hrg. Ex. 3). The restaurant is in a

commercial building that also contains other businesses and has common entry doors. While in the building, about to go upstairs, Officer Johnson observed and reported seeing a heavy-built man wearing a gray/green jacket and a stocking cap with a scarf or face mask. The man fled when he realized he had been seen and Officer Johnson radioed to other officers that the person was running and was headed towards 14th Avenue though a back door.

Meanwhile, additional officers had arrived at the scene. Minneapolis Police Officer Steven Setzer went to the restaurant location and stationed himself outside near the northwest corner of the building. Officer Setzer heard the radio report of the fleeing suspect and within four-to-five minutes he saw a person matching the description of the heavy-set man with a green/gray jacket and stocking cap and mask coming outside through an exterior door (Hrg. Ex. 1). The door was not a direct entrance into the Erte restaurant. Minneapolis Officer Liotta was also positioned nearby and had an M-16 rifle aimed at the man as he came rushing out the door. Both officers were in uniform. The suspect complied when the officers ordered him to the ground at gun point. Officer Setzer put his sidearm away as he approached the suspect, placed him in handcuffs, and removed the face covering. The individual, identified as defendant Charles Fletcher, made spontaneous inculpatory statements to the officers as he was being handcuffed and arrested. The comments were not in response to questioning by the officers.

Upon rolling Mr. Fletcher onto his side to conduct a search incident to arrest, Officer Setzer found cigarettes, a set of keys, a cell phone, and a cordless phone on the suspect's person. Initially, the keys were not seized and were placed back into the suspect's pocket after the search, but approximately 20-30 minutes later Officer Setzer took the keys from Fletcher's pocket as he sat in the back seat of a squad car after Officer McLean reported that the keys

belonged to a victim restaurant employee.  The set included a key to the business.[1]  Also, while Officer Setzer and the defendant were seated in the squad car, the officer made a comment as to why the defendant would have a cordless phone, to which the defendant stated that the phone belonged to the Erte restaurant.[2]  Shortly thereafter, a call came through on the cordless phone from the restaurant owner.

There was no report of other suspects being involved, though Fletcher had been observed on a phone during the robbery.  Another individual was stopped and it was determined that the person was not involved in the crime.  A later search of the entire building did not reveal any additional suspects.  A handgun was found in the upstairs on top of an office cabinet.  The gun had been placed there by a restaurant employee who had seen the robber throw the firearm on the floor.

**Search Warrants.**  On February 16, 2011, Hennepin County District Court Judge Thomas W. Wexler issued a warrant authorizing the seizure of a DNA buccal swab from the person of Charles Vincent Fletcher (Gov't Hrg. Ex. 1), and a separate warrant authorizing the search of a particularly described black Verizon LG camera cell phone (Gov't Hrg. Ex. 2).  The DNA warrant identified the object of the warrant as a DNA buccal swab or blood sample from Charles Vincent Fletcher, a person in custody at the Hennepin County Jail.  The cell phone warrant identified that objects of the warrant as data to include call history, address and contact list, SMS/text messages, images and videos, Internet history, calendar entries, voice recordings, and file system.  The warrants were issued on the basis of information contained in similar, but

---

[1] The Assistant United States Attorney stated at the hearing that the government did not intend to offer the keys as evidence in this case.

[2] The stated at hearing that it does not intent to offer the statement at trial.

individually tailored, Affidavits of Minneapolis Police Sgt. Walter Carlson. Both affidavits described the underlying robbery. In addition, the DNA warrant affidavit stated that the known DNA sample was requested to allow comparison to a sample that was obtained from a firearm that was recovered in the investigation in this matter, and the cell phone affidavit stated that the phone had been found in Mr. Fletcher's pocket at the time of his capture.

Based upon the foregoing Findings, the magistrate judge makes the following:

**Conclusions**

**Stop and Arrest and Search Incident to Arrest.** Police officers had knowledge of sufficient evidence to establish probable cause for defendant Charles Vincent Fletcher's arrest and the arrest was therefore not unlawful. Moreover, the defendant was lawfully searched incident to his arrest and suppression of evidence obtained as a result of his arrest and search is not required. Probable cause for warrantless arrest exists when facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed an offense. United States v. Jones, 535 F.3d 886, 890 (8th Cir. 2008)(citing Torres-Lona, 491 F.3d 750, 755 (8th Cir. 2007)). The probable cause evaluation entails consideration of events leading up to the arrest, viewed from the standpoint of an objectively reasonable officer. Jones at 890 (citing Maryland v. Pringle 540 U.S. 366, 371, 124 S.Ct. 795 (2003).

Defendant argues that he was unlawfully stopped because officers did not have reasonable suspicion of his involvement in criminal activity based upon his mere presence in the vicinity. He contends that officers thereafter did not have legal justification to conduct a Terry pat down search. The court concludes that officers had much more than reasonable suspicion, and indeed, there was probable cause for the defendant's immediate arrest based upon his

4

physical description,[3] as well as the time and manner of his emergence from the building. Specifically, the arresting officers had collective knowledge of a description of defendant's stature and attire that had been radioed to the officers surrounding the building by Officer Johnson from inside the building, indicating that he had observed such a person, wearing a face mask and running away, apparently in search of an exit from the building. United States v. Frasher, 632 F.3d 450, 453 (8th Cir. 2011) (probable cause can be based upon collective knowledge of multiple officers as long as there is some degree of communication). Even in the absence of a prior physical description, probable cause for the defendant's arrest existed as a result of the circumstances in which he came through the door wearing a ski mask and immediately made spontaneous incriminating statements when confronted by officers. The ensuing search of the defendant's person was a lawful search incident to arrest and evidence thereby obtained need not be suppressed. Jones at 891 (citing United States v. Oakley, 153 F.3d 696, 698 (8th Cir. 1998)).

**Stop and Arrest Statements.** Initial statements made by defendant Charles Vincent Fletcher at the scene of his arrest were not obtained in violation of his constitutional rights and suppression of such statements is not required. Defendant correctly contends that he was in custody from the moment he was ordered to the ground by police officers. However, statements made by the defendant as he was being arrested and handcuffed were not the product of interrogation. The statements were unsolicited and spontaneous and should not be suppressed for that reason. United States v. Waloke, 962 F.2d 824, 829 (8th Cir. 1992).

Comments by the defendant during the arrest and body search were made

---

[3] Officer Setzer testified that he seemed to remember someone putting out some description, but that he couldn't remember (T. 32).

voluntarily and were not made in response to any inquiry. Therefore, such statements were not the result of police questioning having implications with respect to the defendant's Fifth Amendment right to remain silent or his Sixth Amendment right to counsel. The term "interrogation" as contemplated under Miranda can be broadly interpreted to include any words or actions that police should know would be reasonably likely to elicit an incriminating response. Rhode Island v. Innis, 446 U.S. 291, 301-02 (1980). Conversely, officers "cannot be held accountable for unforeseeable results of their words or actions" where there is no reason that they should have known that such words or actions would elicit an incriminating response. Id. at 302. No words or actions by arresting officers in this matter were made with the knowledge that an incriminating response would likely be elicited, and defendant's right to remain silent was not thereby implicated.

**Search Warrants.** Evidence seized pursuant to a warrant to seize a DNA sample from the person of Charles Vincent Fletcher, (Gov't Hrg. Ex. 1), was not unlawfully obtained in violation of the constitutional rights of the defendant. The warrant was issued on February 16, 2011, and was based upon sufficient probable cause as stated in the Affidavit of Minneapolis Police Sgt. Walter Carlson and as determined by Hennepin County District Court Thomas W. Wexler. The warrant properly and sufficiently identified the person and the subject of the seizure and stated a nexus between the object of the warrant and the alleged offense in this case. The search warrant in this matter was lawfully issued and there is no requirement for suppression of DNA evidence seized pursuant to the warrant.

Evidence obtained pursuant to a warrant to search a black Verizon LG cell phone seized from the person of Charles Vincent Fletcher, (Gov't Hrg. Ex. 2), was not unlawfully

obtained in violation of the constitutional rights of the defendant.  The warrant was issued on February 16, 2011, and was based upon sufficient probable cause as stated in the Affidavit of Minneapolis Police Sgt. Walter Carlson and as determined by Hennepin County District Court Thomas W. Wexler.  The warrant properly and sufficiently identified the object of the seizure and the data to be seized.  The warrant further stated a nexus between the object of the warrant and the alleged offense in this case.  The cell phone search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

Defendant asserts that the business keys and the cordless telephone that were obtained from his person upon his arrest were unlawfully obtained and reference to those items was improperly used to establish probable cause for each of the search warrants.  The court concludes that there is ample evidence in the warrant applications to establish probable cause for the respective DNA warrant and cell phone warrant without reliance upon seizure of the keys or the cordless phone.  Suppression of search warrant evidence for lack of probable cause is not required.

Based upon the foregoing Findings and Conclusions, the magistrate judge makes the following:

### RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Charles Vincent Fletcher**'s** Motion to Suppress Statements be **denied** [Docket No. 18]; and

2. Defendant Charles Vincent Fletcher's Motion to Suppress Evidence Obtained by Search and Seizure be **denied** [Docket No. 19].

Dated: August 15, 2011

  s/Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before August 29, 2011.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.