UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 11-193(DSD/AJB)

United States of America,

       Plaintiff,

v.

Charles Vincent Fletcher,

       Defendant.

This matter is before the court upon the objection by defendant Charles Vincent Fletcher to the August 15, 2011, report and recommendation of Chief Magistrate Judge Arthur J. Boylan. In his report, the magistrate judge recommends denying defendant's motions to suppress statements and evidence. Defendant objects and argues that his arrest was not supported by probable cause.

**BACKGROUND**

The background of this motion is fully set out in the report and recommendation. In short, police responded an emergency call of a robbery in progress at Erté restaurant in Minneapolis, Minnesota. Minneapolis Police Officer Johnson entered the building and encountered a "heavy-built man wearing a gray/green jacket and a stocking cap with a scarf or face mask." ECF No. 28, at 2. Officer Johnson radioed other police officers that the man was fleeing the building through a back door. Id. Minneapolis Police Officers Setzer and Liotta were positioned near an exterior door to the building. The door opened quickly, and defendant emerged. See

Tr. 16:3-5 ("The door flew open real fast, and he stopped quickly because he almost ran into Officer Liotta and Officer Liotta had his M16 pointed at him."). Defendant matched the description of the suspect seen by Officer Johnson. Officers Setzer and Liotta ordered defendant to the ground at gunpoint and handcuffed him. Defendant made several spontaneous, inculpatory statements, and the officers searched defendant.

## DISCUSSION

The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim P. 59(b); D. Minn. LR 72.2(b). Defendant argues that the arresting officers lacked probable cause because the officer who saw defendant inside the Erté building had not radioed his physical description to other officers on the scene.

Arrest probable cause exists when "the facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." United States v. Jones, 535 F.3d 886, 890 (8th Cir. 2008) (citation omitted). "To determine whether an officer had probable cause to arrest an individual, [the court] examine[s] the events leading up to the arrest, and then decide[s] whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." Id. (quoting Maryland v.

Pringle, 540 U.S. 366, 371 (2003)).  "When multiple officers are involved in an investigation, probable cause may be based on their collective knowledge and need not be based solely on the information within the knowledge of the arresting officer as long as there is some degree of communication."  United States v. Frasher, 632 F.3d 450, 453 (8th Cir. 2011).

In the present case, the magistrate judge correctly determined that probable cause existed.  First, the rapid opening of a side door and emergence of defendant within minutes of Officer Johnson radioing that the suspect was fleeing the building supports a reasonable belief by Officer Setzer that defendant was involved in the robbery.  See Tr. 15:11-14 ("I heard Officer Jerry Johnson air that the suspect was running out the door, and he aired that he was going towards 14th Avenue.  And about that time then the suspect came out the door on our side.").  Moreover, the record indicates that the responding officers were collectively aware of the reported robbery, the description of the suspect, the rapid emergence of defendant from the building and the physical match between defendant and the suspect in the building.  The officers worked as a team and maintained radio contact.  As a result, the description of defendant was part of the collective knowledge of the responding officers.  See Moore v. City of Desloge, No. 10-2095, 2011 WL 3189357, at *5 (8th Cir. July 28, 2011) ("The arresting officer himself need not possess all of the available

3

information."); United States v. Thompson, 533 F.3d 964, 970 (8th Cir. 2008).  Therefore, Officers Setzer and Liotta had probable cause to arrest defendant, and the objection is overruled.

## CONCLUSION

Defendant acknowledges that suppression is not warranted if the arrest was lawful.  Def.'s Obj. 1, 5.  Following de novo review, the court finds that the well-reasoned report and recommendation of the magistrate judge correctly determines that the officers had probable cause to arrest defendant.  Accordingly, **IT IS HEREBY ORDERED** that:

1.   The objections to the report and recommendation [Doc. No. 29] are overruled;

2.   The report and recommendation [Doc. No. 28] is adopted in full; and

3.   The motions to suppress [Doc. Nos. 18 & 19] are denied.

Dated:  August 30, 2011

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court