```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF MINNESOTA
                   Criminal No.: 11-193(DSD)
```

United States of America,

       Plaintiff,

v.                                                      **ORDER**

Charles Vincent Fletcher,

       Defendant.

    Thomas M. Hollenhorst, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Charles Vincent Fletcher, #15900-041, FMC-Lexington, P.O. Box 14500, Lexington, KY 40512, defendant pro se.

This matter is before the court upon the pro se motion by defendant Charles Vincent Fletcher for leave to file a second/successive petition for a writ of habeas corpus. This order provides Fletcher with notice that the court intends to recharacterize his notice as set forth below.

## BACKGROUND

On June 14, 2011, Fletcher was indicted for interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (Count 1); using, carrying, possessing, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and being a felon in possession of a firearm, in violation of 17 U.S.C. §§ 922(g)(1) and 924(e)(1)

(Count 3). On October 14, 2011, Fletcher pleaded guilty to Counts 1 and 3 of the indictment.

On February 22, 2012, the court sentenced Fletcher to 195 months' imprisonment. Fletcher did not appeal and has not filed any post-conviction motions.

On March 14, 2016, Fletcher filed the instant motion. Despite being in substance a motion under 28 U.S.C. § 2255,[1] Fletcher titles his motion as a second/successive petition under 28 U.S.C. § 2244, and requests leave to file that petition.

## DISCUSSION

Because Fletcher's motion was not styled as a § 2255 motion, it will not be construed as such until Fletcher is given the warnings discussed by the Supreme Court in Castro v. United States, 540 U.S. 375 (2003). A district court cannot recharacterize a pro se post-conviction motion as a § 2255 motion without first providing adequate notice and warning to the defendant as to the consequences of recharacterization. Id. at 383.

Pursuant to Castro, therefore, and based on the statements in his motion, Fletcher is hereby advised that the claims raised in his motion filed March 14, 2016, will be construed as a motion to vacate, set aside, or correct his sentence pursuant to § 2255. The

---

[1] Fletcher argues that, under Johnson v. United States, 135 S. Ct. 2551 (2015), he should not have been adjudged an armed career criminal, and thus the determination was unconstitutional.

court further advises that Fletcher may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). That is, before he will be permitted to file a second or successive § 2255 motion before the district court, Fletcher will be required to seek, and acquire, the approval of the Eighth Circuit and will have to establish certain grounds in order to obtain that approval.[2]  See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

---

[2]  The pertinent portion of § 2255 states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In light of the foregoing, the court will allow Fletcher to supplement his motion with additional grounds or additional details if he wishes to do so.  He must do so within 30 days after the entry of this order.  If he fails to do so, his motion will be construed as a § 2255 motion asserting only the claims raised in his motion.

## CONCLUSION

As set forth above, Fletcher is hereby notified that his motion filed March 14, 2016, will be construed as a motion pursuant to 28 U.S.C. § 2255.  Fletcher has 30 days to supplement his motion or voluntarily withdraw his motion.  If he fails to do either within 30 days, it will be construed as a § 2255 motion.

Dated:  March 29, 2016

s/David S. Doty  
David S. Doty, Judge  
United States District Court