UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 11-193(DSD)

United States of America,

Plaintiff,

v. **ORDER**

Charles Vincent Fletcher,

Defendant.

Thomas M. Hollenhorst, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

Charles Vincent Fletcher, #15900-041, FMC-Lexington, P.O. Box 14500, Lexington, KY 40512, defendant pro se.

This matter is before the court upon the pro se motion by defendant Charles Vincent Fletcher to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

## BACKGROUND

On June 14, 2011, Fletcher was indicted for interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (Count 1); using, carrying, possessing, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and being a felon in possession of a

firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 3). On October 14, 2011, Fletcher pleaded guilty to Counts 1 and 3 of the indictment. On February 22, 2012, the court sentenced Fletcher on Counts 1 and 3 to concurrent terms of imprisonment of 195 months. The court found that Fletcher was an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), which increased Fletcher's mandatory minimum on Count 3 from 120 months to 180 months.[1] Fletcher did not appeal and did not filed any post-conviction motions until now.

On March 14, 2016, Fletcher filed the instant motion. Fletcher argues that, under Johnson v. United States, 135 S. Ct. 2551 (2015), he was unconstitutionally adjudged to be an armed career criminal under the ACCA. Despite being his first motion under 28 U.S.C. § 2255, Fletcher titled his motion as a second/successive petition under 28 U.S.C. § 2244, and requested leave to file that petition. On March 29, 2016, the court issued an order giving Fletcher notice that it would construe the motion as his first under § 2255 and provided him the opportunity to supplement his motion. On April 21, 2016, Fletcher filed a supplemental response consenting to the court's consideration of the motion as his first under § 2255.

---

[1] Fletcher was convicted of Third Degree Burglary on March 11, 1997, and he was convicted in two separate cases of Third Degree Burglary on June 26, 2006. See PSR ¶ 33.

## DISCUSSION

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required.

## I. Concurrent-Sentence Doctrine

Fletcher argues that, in light of Johnson, he should not have been adjudged an armed career criminal under the ACCA. However, the concurrent-sentence doctrine bars Fletcher's claim. That doctrine provides that a court need not reach the merits of a claim attacking fewer than all multiple concurrent sentences if success on the claim would not change the term of imprisonment. United States v. Smith, 601 F.2d 972, 973-74 (8th Cir. 1979); see also

Barnes v. United States, 230 F.3d 1362 (8th Cir. 2000) (affirming the district court's use of the concurrent-sentence doctrine to decline to address the merits of the defendant's § 2255 claim).

Fletcher was sentenced on Counts 1 and 3 to concurrent terms of imprisonment of 195 months. His designation as an armed career criminal only affected Count 3. Even if the court were to accept as true Fletcher's claim that the designation was unconstitutional, Fletcher would still be required to serve a 195-month sentence on Count 1. Accordingly, the court declines to consider Fletcher's Johnson argument.

## II. Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). The court is firmly convinced that Fletcher's claim is barred by the concurrent sentence doctrine, and that reasonable jurists could not differ on the result. As a result, a certificate of appealability is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate under 28 U.S.C. § 2255 [ECF No. 59] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 9, 2016

s/David S. Doty
David S. Doty, Judge
United States District Court